1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                       * * *

9    SUZANNE BINDER,                          Case No. 2:12-cv-01661-MMD-VCF

10                          Plaintiff,

11       v.                                                   ORDER

12   COSTCO WHOLESALE CORP.,                   (Plf.'s Objection to Petition for
                                                   Removal – dkt. no. 9)
13                          Defendant.

14

15          This case comes before the Court through Defendant Costco Wholesale

16   Corporation's ("Costco") Petition for Removal.  (Dkt. no. 1.)  On October 3, 2012, Plaintiff

17   Suzanne Binder filed an Objection to Notice of Removal (dkt. no. 9), arguing that the

18   case should be remanded because Costco failed to establish an adequate amount in

19   controversy to establish diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Two days later, the

20   Court ordered Costco to show cause as to why this case should not be remanded.

21   Costco responded on October 19, 2012.  The Court now considers Binder's Objection as

22   a motion to remand.

23   **I.     BACKGROUND**

24          Binder filed this action on August 27, 2012, in the Eighth Judicial District Court in

25   Clark County, Nevada, after an alleged slip and fall that occurred on Costco's premises.

26   Binder alleges that while shopping at Costco, she slipped and fell on a melted berry

27   smoothie and "significantly injured" her left knee after it twisted and struck the floor.

28   (Dkt. no. 1 at ¶ 6.)  The Complaint alleges one count of negligence.  (*Id.* at 3.)  Binder

1
2  seeks compensation for her medical injuries, as well as general damages, punitive damages, attorney's fees, and costs.  (*Id.* at 6.)

3
4
5
6  On December 20, 2011, Binder's counsel sent a demand letter to Costco outlining her claims and offering to settle the action for $66,626.50 – $11,626.50 for medical damages as well as $55,000 of general damages to cover pain, suffering, and disability. (*See* dkt. no. 11-A at 12.)

7
8  Defendant removed the action pursuant to 28 U.S.C. § 1332 on September 20, 2012.

9  **II.    LEGAL STANDARD**

10
11
12
13
14
15
16
17
18
19  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

20
21
22
23
24
25
26
27
28  To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).  In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the

2

1    "practice of considering facts presented in the removal petition as well as any 'summary-

2    judgement-type evidence relevant to the amount in controversy at the time of removal.'"

3    *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)

4    (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

5         For jurisdictional purposes, the amount in controversy is determined by the

6    amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400

7    F.3d 659, 662 (9th Cir. 2005).  In determining the amount in controversy, a district court

8    may consider the amount of compensatory and punitive damages recoverable based on

9    plaintiff's complaint as well as attorney fees, but may not consider interest and cost of

10   suit.  *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (citing *Hunt v. Wash.*

11   *State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

12   **III.    DISCUSSION**

13        Costco claims this case meets the amount in controversy requirement, and points

14   to Binder's settlement demand as conclusive evidence.  While a settlement demand

15   might provide some general indication of the relief Binder might seek, it does not suffice

16   to overcome the "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d

17   at 567.  This is particularly true with prelitigation demands, as the negotiator's axiom of

18   "starting high" may have a tendency of obfuscating an accurate assessment of the

19   amount in dispute between the parties.  Against this backdrop, the Court is mindful that

20   even when including attorney's fees and punitive damages, a court "cannot base [its]

21   jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l*

22   *Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

23        Accordingly, it is not clear from Costco's materials whether the amount in

24   controversy will exceed $75,000.  Even if Binder intends to request $55,000 in general

25   damages, no indication exists as to what amount of attorney's fees and punitive

26   damages, if any, Binder seeks.  In its Response, Costco alleges that Binder did not

27   agree to stipulate to a $75,000 cap on the damages she seeks, and offers this point as

28   "an implicit admission" revealing the actual amount in controversy in this suit.  Without

1  any evidence to corroborate this assertion, the Court finds little use in this fact.  Even

2  were it true, Binder's unwillingness to stipulate to a damages cap is hardly relevant.  A

3  plaintiff is master of her own case, and decides how to present her case accordingly.

4  That Binder may refuse to reveal her cards at this early stage in the litigation does not

5  nudge Costco's petition from speculative to sufficient.  The Court is under a duty to

6  establish its own jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*,

7  360 F.3d 960, 967 (9th Cir. 2004).  It cannot do so here.

8  **IV.  CONCLUSION**

9    IT IS THEREFORE ORDERED that Plaintiff Suzanne Binder's Motion to Remand

10  (dkt. no. 9) is GRANTED and the case is REMANDED.

11    IT IS FURTHER ORDERED that the Clerk shall close this case.

12

13    DATED THIS 7th day of November 2012.

14

15  _____

16  MIRANDA M. DU
  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4